IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:22-CR-45-TAV-JEM |
| VALENTINE O. ODIJE, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Valentine Odije's Unopposed Motion to Continue Trial Setting and All Corresponding Deadlines [Doc. 10], filed on April 7, 2023.

In his motion, Defendant asks the Court to continue the May 16, 2023 trial date and all corresponding deadlines. Defense counsel states that Defendant has been charged with conspiracy to use an unauthorized access device, use of an unauthorized access device, possession of fifteen or more unauthorized access devices, access device fraud, and aggravated identity theft in an Indictment filed May 4, 2022. Counsel relates that Defendant made his initial appearance on March 10, 2023, and that the Government has provided extensive discovery since then. Due to difficulties in accessing the electronic discovery files, however, the Government recently had to resend the discovery to defense counsel. Counsel states that he has now made progress analyzing the discovery, but he needs more time to ensure Defendant receives constitutionally effective assistance of counsel.[1] Counsel also states that the motion was not submitted for the purpose of unreasonable delay but, rather, so that

---

[1] Counsel further relates that he has a jury selection proceeding set in a separate matter on the current trial date.

he is able to adequately review discovery, research potential issues that may need to be raised via motion, and investigate and develop evidence necessary to present a defense. Counsel avers the continuance is necessary to give him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. Finally, counsel relates that he has consulted with counsel for the Government, who does not oppose the requested continuance.

Based upon the information provided by Defendant in his motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel needs additional time to review the extensive discovery—which he was only recently able to access—investigate and develop any further relevant evidence, and research potential pretrial issues that could arise. The Court finds that all of this cannot be done by the May 16, 2023 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Trial Setting and All Corresponding Deadlines [**Doc. 10**]. The trial of this case is reset to **August 22, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on April 7, 2023, and the new trial date of August 22, 2023, is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Valentine Odije's Unopposed Motion to Continue Trial Setting and All Corresponding Deadlines [**Doc. 10**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **August 22, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **April 7, 2023**, and the new trial date of **August 22, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **May 8, 2023**. Responses to motions are due on or before **May 22, 2023**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 21, 2023**;

(6) the deadline for filing motions *in limine* is **August 7, 2023**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **August 8, 2023, at 10:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 11, 2023**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge